## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REAGAN WHITNEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-1595** |
| **LOUIS PRIMA, JR., ET AL.** | **SECTION "E" (3)** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Reagan Whitney – or as she signs her name, Cornelia Reagan Vanderbilt Whitney – sues entertainers Louis Prima, Jr. and Tim Fahey. Louis Prima, Jr. is the son of Louis Prima and his fifth wife, Gia Maione. Tim Fahey is the husband of Lena Prima, Louis's daughter with Gia, and an accompanying artist and co-writer of Lena's songs. Whitney seeks a portion – presumably – of John Hay "Jock" Whitney's now billion-dollar estate. Jock Whitney was a member of the Whitney family, closely related to the Vanderbilts.

Whitney alleges that she and Lena are twins, but that they have been separated from each other for 54 years in order to conceal and steal their rightful inheritance. She maintains that when Jock passed in 1982, "he must have had a desire to make amends to his twins." His final act of love was thus to leave them the bulk of a fortune "most Americans cannot comprehend." Of course, this enraged the other members of the family – rendered them "out for blood!" – who then separated Whitney and Lena in order to conceal and steal their fortune.

These family members fed them lies and manipulated them, sold their personal documents, and stole their identities. The homes that Louis left them have now been inhabited by squatters and unsavory individuals "that could never afford these million dollar [sic] homes." Whitney alleges that defendants here have made false claims, violated real estate and foreclosure acts, and

denied the twins due process.  The twins have been subjected to involuntary servitude, malicious acts and threats, duress, coercion, and fraud.

She asks the Court to order defendants to cease and desist immediately in any involvement in their finances.  She also seeks protection from false arrest, concealment, and abuse by those officials in the law enforcement arena who have participated in this "monumental" abuse.

These are the facts as outlined in the complaint drafted by Whitney.  The facts change slightly in the complaint on the court-printed form that follows.  While she and Lena are still twins, they now seek "to exercise their right to inherit from their biological parents, John Hay Whitney and Gia Prima."  Louis Prima, then, is no longer her father in this pleading.  Whitney also contends here that Lena was adopted by Louis and unaware that she and her twin were due to inherit Jock Whitney's $700-million estate.

Whitney filed her complaint in forma pauperis ("IFP"). An IFP complaint may be dismissed if it is determined that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). "District courts have broad discretion in determining whether a complaint filed IFP is frivolous so as to warrant dismissal." *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995). In making that determination, a district court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). The United States Supreme Court has held:

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic,

2

and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (internal quotation marks and citations omitted). This Court has no hesitation in finding that the instant complaint rises to that level and that it should be dismissed as factually frivolous.

The Court notes that defendants have not yet been served. Nevertheless, the Court need not wait for service to be effected. "A district court may dismiss an IFP proceeding for frivolousness . . . at any time, before or after service of process and before or after the defendant's answer." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir.1986).  Whitney's unsworn narrative declarations do not show that the fantastic events described in her complaint have any basis in fact. *Neitzke*, 490 U.S. at 328. Further, there is no reason to believe that the deficiencies in Whitney's pleadings could be cured through further factual development. *Shirley v. Martin*, 83 F. App'x 600 (5th Cir. 2003)

It is true that, in close cases, a district court "should permit the claim to proceed at least to the point where responsive pleadings are required." *Neitzke*, 490 U.S. at 323. This, however, is not a close case.  Because "there is indisputably absent any factual or legal basis for the wrong asserted in the complaint," immediate dismissal is appropriate. *See id.* (internal quotation marks omitted). Moreover, because the complaint is frivolous, dismissal with prejudice is appropriate. *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997). Accordingly, and for the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's complaint be DISMISSED WITH PREJUDICE AS FRIVOLOUS pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 21st day of February, 2018.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**